DONALD F. CONSTANCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Constance v. Commissioner
Docket No. 16574-80.
United States Tax Court
T.C. Memo 1982-541; 1982 Tax Ct. Memo LEXIS 202; 44 T.C.M. (CCH) 1166; T.C.M. (RIA) 82541; September 21, 1982. Donald F. Constance, pro se. Pamela V. Gibson, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined the following deficiencies in petitioner's federal income tax and additions to tax for the years 1973-1976: Additions to Tax [1]
Year
Deficiency
Sec. 6653 (b)
Sec. 6654 (a)
1973
$2,741.11
$1,370.55
$45.14
1974
703.04
351.52
1975
2,455.69
1,227.84
78.58
1976
2,168.18
1,084.09
69.38
*203 The case is before us on respondent's motion for summary judgment as to all the deficiencies and additions to tax. Petitioner resided in Holyoke, Massachusetts, when he filed the petition in this case. Petitioner admitted in his petition that he failed to file tax returns for the years at issue. The petition sets forth the claim that respondent's deficiency determinations were "arbitrary and capricious and inconsistent with the taxpayer's mode of living." In his petition petitioner also claimed that "his personal life was in disarray, and this was the reason for his non filing of returns. There was no overt attempt to evade or defeat income taxes by the taxpayer, and the Civil Fraud Penalty does not therefore appear to be the proper sanction in the circumstances." Respondent filed an answer in which he denied the substantive allegations of the petition and further alleged as follows: 7. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax which petitioner was required to show on income tax returns for the taxable years 1973 through 1976 was due to fraud, the respondent alleges: (a) During the taxable years in question, *204 the petitioner derived taxable income from gambling. (b) During the taxable years 1973 and 1974, the petitioner derived taxable income from wages in his capacity as a policeman for the City of Holyoke, Massachusetts. (c) During the taxable year 1974, the petitioner derived taxable interest income; and taxable income from the sale of residential real estate and home furnishings. (d) The petitioner failed to maintain, or to submit for examination by the respondent, complete and adequate books of account and records of his income-producing activities for each of the taxable years 1973 through 1976, as required by the applicable provisions of the Internal Revenue Code of 1954 and the respective regulations promulgated thereunder. (e) The amount of petitioner's gross taxable income, deductions and other items required to be shown on his income tax returns for each of the taxable years in question cannot be determined from books or records maintained by the petitioner, as is shown by the following facts: (1) During the course of their examination, agents of the respondent requested the petitioner to furnish books and records of his income-producing activities. (2) Petitioner, *205 in response to such requests, refused to submit books or records of any kind for examination by the agents of the respondent. (f) The respondent has determined petitioner's correct taxable income by examination of third parties' records and by use of the source and application of funds method. (g) The petitioner's sources of funds, application of funds and unreported income for the taxable years 1973 through 1976 are set forth on the attached Exhibit B, which is incorporated herein and made a part hereof. (h) The petitioner failed to file an income tax return in each of the years 1973 through 1976. (i) The petitioner's correct income tax liabilities and the income tax liabilities shown on his returns for the taxable years 1973 through 1976 are as follows: Understatement
Year
Tax Liability
Shown on Return
of Tax
1973
$2,741.11
*
$2,741.11
1974
703.04
*
703.04
1975
2,455.69
*
2,455.69
1976
2,168.18
*
2,168.18
(j) The petitioner, during the taxable years 1973 through 1976, did not receive any gifts. (k) The petitioner, during the taxable years 1973 through 1976, did not receive any inheritances, *206 legacies or devises. (l) The petitioner, during the taxable years 1973 through 1976, did not receive any non-taxable or excludable income, receipts or cash, except as shown on Exhibit B attached hereto. (m) The petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to the respondent in connection with the examination of his income tax returns for the taxable years in question were fraudulent with intent to evade tax. (n) The petitioner's failure to file income tax returns and to report his correct taxable income for the taxable years 1973 through 1976 was due to fraud with intent to evade tax. (o) A part of the underpayment of tax which petitioner was required to show on his income tax returns for the taxable years 1973 through 1976 is due to fraud. [Exhibit B omitted.] Petitioner failed to file a reply. Therefore, respondent, pursuant to Rule 37(c), timely moved for an entry of an order that the undenied allegations in the answer be deemed admitted. The motion and a notice of hearing on the motion were served on petitioner. Petitioner did not appear at the March 4, 1981, hearing *207 or otherwise respond to respondent's motion. The Court, on March 4, 1981, entered an order granting respondent's motion and deeming admitted "the undenied affirmative allegations of fact set forth in paragraphs 7(a) to (o), inclusive, of respondent's Answer." A copy of that order was served on petitioner on March 11, 1981. The case was set for trial at a trial session of the Court commencing on February 22, 1982, in Boston, Massachusetts. Notice setting the case for trial was served on petitioner on November 20, 1981. Petitioner did not appear when the case was called for trial on February 22, 1982. On February 22, 1982, respondent filed his motion for summary judgment as to all the deficiencies and additions to tax. Rule 121(b) provides that the Court may render a decision upon a motion for summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." We hold that respondent is entitled to summary judgment on all issues. The deemed admissions ordered by this *208 Court on March 4, 1981, establish the facts necessary to impose on petitioner the liability for the underlying deficiencies. Also, petitioner failed to satisfy his burden of proof concerning the deficiencies and the section 6654(a) additions to tax. Rule 142(a). Accordingly, we hold that petitioner is liable for the deficiencies and the section 6654(a) additions to tax as a matter of law. Respondent has the burden of proof on the section 6653(b) additions to tax for fraud. Section 7454(a). Respondent must carry that burden of proof by clear and convincing evidence. , Rule 142(b). The facts which have been deemed admitted in this case provide specific bases establishing fraud and include deemed admissions of the ultimate issue of fraud. In these circumstances respondent has satisfied his burden of proof on the fraud issue. See . Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
*. No return filed.↩